[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11930
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00165-PGB-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL ENRIQUE SANTANA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 25, 2018)

Before WILSON, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Manuel Enrique Santana appeals following his convictions and sentence of imprisonment of 48 months for ten counts of theft of government property, 18 U.S.C. § 641, and five counts of aggravated identity theft, *id.* § 1028A(a)(1). Santana argues that the government presented insufficient evidence that he knew that the checks were stolen, that the district court erred when it applied a two-level sentencing enhancement for obstruction of justice, United States Sentencing Guidelines Manual § 3C1.1 (Nov. 2016), and that his sentence is substantively unreasonable.  We affirm.

Several standards govern our review of this appeal. We review *de novo* whether sufficient evidence supports a conviction.  *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). We view the record in the light most favorable to the government and resolve all reasonable inferences in favor of the verdict. *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010). Credibility questions are the province of the jury. *United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005). The evidence need not exclude every reasonable hypothesis of innocence for a jury to find guilt beyond a reasonable doubt. *United States v. Cruz-Valdez*, 773 F.2d 1541, 1545 (11th Cir. 1985) (en banc). When a defendant testifies in his own defense, "he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true." *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995) (internal quotation marks and citation omitted). We

review the interpretation of the Sentencing Guidelines *de novo* and related factual findings for clear error. *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011). We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). Ordinarily we expect a sentence that falls within the guideline range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Santana contends that the district court erred when it denied his motion for judgment of acquittal for the ten counts of theft of government property. For those counts, the government was required to prove that the money or property belonged to the government, the defendant fraudulently appropriated the money or property to his own use or the use of others, and he did so knowingly with the intent to deprive the government of the money or property. *United States v. McRee*, 7 F.3d 976, 980 (11th Cir. 1993); *see* 18 U.S.C. § 641. In *United States v. Wilson*, 788 F.3d 1298, 1309 (11th Cir. 2015), we held that there was sufficient evidence from which a reasonable jury could find that the defendant knowingly converted tax-refund checks because none of the six named-payees of the tax-refund checks had ever done business with him and none had endorsed the checks he deposited. And we held that the jury could infer from the amount of deposits over a short span of three months that the defendant was not running a legitimate check-cashing business. *Id.* We reject Santana's argument.

3

Sufficient evidence supports the jury's verdict that Santana knowingly stole the tax-refund checks. Although Santana testified that he checked identifications to match the payee on every check he cashed, the payees testified that they never signed the checks or visited the restaurant where Santana worked. The jury was entitled to disbelieve Santana and consider his discredited testimony as evidence of his guilt. *See Brown*, 53 F.3d at 314. And Santana's rate of deposits over a short period of time allowed the jury reasonably to infer that his check-cashing business was a scam. *See Wilson*, 788 F.3d at 1309.

Santana also challenges the denial of his motion for judgment of acquittal for the five counts of aggravated identity theft. For those counts, the government was required to prove that Santana knowingly transferred, possessed, or used the means of identification of another person without lawful authority "during and in relation to a predicate act . . . , including access device fraud." *United States v. Pierre*, 825 F.3d 1183, 1194 (11th Cir. 2016) (internal quotation marks and citation omitted); *see* 18 U.S.C. § 1028A. We have held that a person's name and forged signature is a means of identification. *Wilson*, 788 F.3d at 1310. The government must prove that defendant knew the means of identification belonged to another person. *Flores-Figueroa v. United States*, 556 U.S. 646, 657 (2009). We again reject Santana's argument.

Sufficient evidence supports the jury's verdict that Santana committed aggravated identity theft. The payee's names and signatures were plainly means of identification, and the evidence showed that Santana deposited checks that had the signatures of what appeared to be the payees, even though the payees testified that they did not sign the checks issued in their name. *Wilson*, 788 F.3d at 1310.

Santana also challenges the enhancement of his sentence for obstruction of justice. A defendant's offense level is increased by two levels if he willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense, such as by committing perjury.  U.S.S.G. § 3C1.1 & cmt. n.4(B). This enhancement does not apply in every instance where a defendant denies guilt, but it does apply where the denial under oath constitutes perjury. *Id.* cmt. n.2 & 4(B). Perjury occurs where "[a] witness testifying under oath . . . gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). In *Dunnigan*, the Supreme Court affirmed an obstruction-of-justice enhancement where numerous witnesses contradicted the defendant's testimony. *Id.* at 89–90, 94. The district court must make an independent factual finding that the defendant gave perjured testimony on a

5

material matter. *Id.* at 95; *United States v. Vallejo*, 297 F.3d 1154, 1168 (11th Cir. 2002). Santana's argument fails.

The finding that Santana testified falsely was not clearly erroneous. The jury credited the evidence presented by the government and discredited Santana's testimony that he had checked the payees' identification for each of the tax-refund checks. The evidence was in direct contradiction, and it was not clear error to believe the testimony of the numerous payees over Santana's testimony. *See Cruz-Valdez*, 773 F.2d at 1545. The district court made an adequate finding when it found that Santana's testimony about how he checked the person's identification for each check was designed to mislead the jury into thinking that his actions were legitimate. *See Dunnigan*, 507 U.S. at 95.

Santana's sentence is also reasonable. The district court sentenced Santana at the low end of the advisory guidelines range for the theft of government property counts followed by the statutory mandatory sentences for aggravated identity theft. The district court weighed the proper sentencing factors and did not abuse its discretion.

**AFFIRMED.**